UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN L. BRAZIER | Case No. 3:22-CR-87-CCB-MGG<br>3:25-CV-579-CCB |

## **OPINION AND ORDER**

Mr. Kevin L. Brazier has filed two petitions, one challenging the constitutionality of his conviction under 18 U.S.C. § 2241 (ECF 73), and the other requesting a sentence reduction (ECF 75). The Court will address each in turn.

### ANALYSIS

**A. 18 U.S.C. § 2241**

Mr. Brazier has made a petition under 18 U.S.C. § 2241, arguing that his conviction violates the Second Amendment of the United States Constitution. (ECF 73). But § 2241 can be used only to challenge the circumstances of confinement, not a conviction itself. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (noting that § 2241 only applies to "the fact or duration of confinement."). The proper statute for challenging the constitutionality of a conviction is 18 U.S.C. § 2255, not § 2241. *Agofsky v. Baysore*, 2025 WL 3295772, at *1 (7th Cir. 2025) ("A § 2255 motion in the sentencing court is the exclusive method for federal prisoners to collaterally challenge their sentences."). Mr. Brazier has already made several petitions under § 2255, all of which have been denied. (ECF 71; 72).

Moreover, a § 2241 action must be brought in the district where the prisoner is confined at the time of the petition. *al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004). At the time of his § 2241 petition, Mr. Brazier was incarcerated in Pennsylvania. (ECF 73 at 2). Thus, the Northern District of Indiana was not the correct district in which to bring a § 2241 challenge. This Court does not have jurisdiction over Mr. Brazier's claim, nor is § 2241 the correct vehicle for it. Mr. Brazier's § 2241 claim is dismissed. (ECF 73).

### B. Sentence Modification

Mr. Brazier has also requested a reduction or modification of his sentencing term based on his "current behaviors and achievements" while incarcerated. (ECF 75). The Court's "jurisdiction to alter a [criminal] judgment after sentencing is extremely limited." *Young v. United States*, 489 F.3d 313, 316 (7th Cir. 2007) (citations omitted). "Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (citing *Carlisle v. United States*, 517 U.S. 416 (1996)). And here, 18 U.S.C. § 3624 gives the Bureau of Prisons jurisdiction over time credit for early release upon good behavior. There is no statutory authorization for federal courts to modify sentences based on good behavior. Thus, the Court has no jurisdiction to rule on Mr. Brazier's petition to reduce his sentence, and the request is dismissed. (ECF 75). *See United States v. Jones*, 2016 WL 9517423, at *1 (N.D. Ill. Nov. 16, 2016).

**CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** Mr. Brazier's claims. (ECF 73; 75).

SO ORDERED on December 16, 2025.

                                                   /s/*Cristal C. Brisco*
                                                 CRISTAL C. BRISCO, JUDGE
                                                 UNITED STATES DISTRICT COURT